# CASES DETERMINED

AT THE

# August Term, 1916.

## PETITION OF ANDERSON.

### September 22, 1916.

*Supreme court: Original jurisdiction: When exercised: Insufficient time for decision: Certification of nominee for state office.*

An action to determine whose name should, after a primary election, be certified by the secretary of state as the nominee of a party for a state office—in this case that of member of assembly—is within the original jurisdiction of the supreme court; but, in view of the statutory provisions for a recount of the votes, and because there would be an issue of fact which must be sent to the circuit court for trial, with no reasonable certainty that any result could be reached before the time when the secretary of state must act, leave to bring such an action is in this case denied.

PETITION for leave to bring an action in this court. *Denied.*

*Crownhart & Wylie,* for petitioner. [No brief on file.]

The decision in this case was announced September 22, and the following opinion was filed October 3, 1916:

PER CURIAM. *Douglas Anderson* petitions for leave to bring an equitable action in this court for the purpose of enjoining the secretary of state from certifying to the county clerks of Florence, Forest, and Oneida counties the name of A. M. Rogers as the Republican nominee for the assembly from that district, and directing him to certify the name of the petitioner for that office. The petition alleges, in sub-

VOL. 164 — 1

stance, that by the returns to the state board of canvassers of
the primary election held September 5, 1916, it appears that
Rogers received 825 votes and the petitioner 824 votes for
said nomination, while as matter of fact the election inspect-
ors in two precincts made errors in the count and credited to
said Rogers four votes more than he actually received in one
precinct and one in another precinct, thus giving Rogers an
apparent majority of one, while in fact the petitioner had a
majority of four.    The petition further alleges that the facts
as to these errors were not discovered by him until after the
county canvassers had finished the county canvass and the
time for securing a recount had expired.

An assemblyman being a state officer, it is doubtless true
that this case is within the original jurisdiction of this court
and should be entertained if, in the sound discretion of the
court, the exigency is sufficiently grave to call for the exercise
of that jurisdiction.    *Income Tax Cases,* 148 Wis. 456, 134
N. W. 673, 135 N. W. 164; *State ex rel. Bancroft v. Frear,*
144 Wis. 79, 128 N. W. 1068.

Upon mature reflection, we do not think that the jurisdic-
tion should be exercised.

The Primary Law, as amended by sec. 34, ch. 381, Laws
1915 (sec. 5.29, Stats. 1915), makes all the provisions of the
Statutes relating to recount of ballots by the county board of
canvassers applicable to primary elections.    These provisions
are found in sec. 6.66 of the Statutes, and they furnish a sum-
mary method by which any candidate may obtain on demand,
at any time before the county canvass closes, a recount of the
votes in any precinct.    In view of this remedy furnished by
the statute, and in view of the extreme shortness of the time
within which final judgment must be rendered in the proposed
action in order to be of any avail, it is not deemed that the
original jurisdiction of this court should be exercised.

The secretary of state is required to certify the names of
candidates to the county clerk not less than fourteen days be-
fore the election, *i. e.* on or before October 24th in the present

year.    This petition was received September 21st.    If an action were to be brought in this court, the complaint would have to be served, sufficient time given to answer, a trial had after fair opportunity to prepare the defense, and a final decision rendered after due hearing within about four weeks. It seems certain that there would be an issue of fact which would have to be sent to the circuit court for trial.    Sec. 2408, Stats.    It is quite manifest that there would be no certainty that any result could be reached before the time when action must be taken by the secretary of state; in fact there is an extreme probability that no result could be reached, even if the case were given the most rapid expedition consistent with due consideration of the questions at issue.    If it appeared that the case could be decided upon an issue of law without the trial of any fact, the question would be different. Under the circumstances, we feel that the original jurisdiction should not be exercised in the present case.    There should be a reasonable certainty that a result could be reached which would be effective in order to justify the use of the original jurisdiction.    It is too great a power to be used hastily, or to accomplish an impotent result.

*By the Court.*—Motion denied without costs.