PETITION OF PRICE.

*October 8, 1926.*

*Elections: Contest over primary election matter: Statutory review: Original jurisdiction of supreme court: When exercised: Laches on the part of candidate.*

1. Although a proceeding in the supreme court by way of an order to show cause why a peremptory writ of *mandamus* should not issue commanding the circuit judges of a state senatorial district to inquire into the facts of a primary election and determine which of the several candidates is entitled to the certificate of nomination is not the proper form of procedure, yet if the court concluded to take jurisdiction it would be at liberty to issue the proper writ, whatever such writ may be, in order to do justice in the case. p. 20.
2. While the statutory provision (sec. 5.29, Stats.) for a judicial review of the determination of the county board of canvassers in a primary election matter does not oust the supreme

court of its original constitutional jurisdiction, and irrespective of the fact as to whether the legislature intended the statutory remedy to be exclusive, the legislature considered it the only available judicial remedy because of the shortness of time intervening between the primary election and the time when the secretary of state must certify the names of candidates to the county clerks.  p. 21.

3. Any judicial remedy available to candidates must be summary and expeditious, and a judicial consideration by this court under its original jurisdiction will be attempted always with great reluctance and under the most urgent necessity.  p. 22.

4. Because the petitioner is deemed guilty of laches in that, although he had under the statute five days within which to perfect an appeal from the determination of the canvassers, he made no attempt to do so until the afternoon of the fifth day in one county in the district, and in the other county he made no attempt at all, and because there is no certainty that any result could be reached before the time when action must be taken by the secretary of state, this court declines to take jurisdiction of the matter.  p. 22.

PETITION for alternative writ of *mandamus.*

*F. M. Wylie* of Madison, and *Clinton G. Price* of Mauston *in pro. per.,* for the petitioner.

*E. C. Higbee* of La Crosse, for *Howard Teasdale.*

The decision in this case was announced October 8, and the following opinion was filed November 9, 1926:

PER CURIAM.  *Clinton G. Price,* who was a candidate for the nomination by the Republican party as its candidate for the office of state senator in the Thirty-first senatorial district, on the 2d day of October, 1926, presented to Mr. Justice ROSENBERRY a petition, upon which Mr. Justice ROSENBERRY issued an order requiring *Howard Teasdale,* who was officially certified by the State Board of Canvassers to have received the nomination for said office, to show cause before this court on October 8, 1926, at 10 o'clock in the forenoon, why an alternative writ of *mandamus* should not issue out of this court, under sec. 293.03, Stats., to review the action of the county boards of canvassers in

Monroe and Marquette counties in counting, canvassing, and certifying the returns of the primary election held on September 27, 1926, and for a certificate by the court declaring *Clinton G. Price* to be the nominee for such office.

Upon the date fixed in said order said *Howard Teasdale* appeared and made response to said order to show cause, with the result that the court declined to take jurisdiction of the matter, and the reasons for such action will now be stated.

The petition sets forth that the canvassing boards in many of the precincts in the counties of Monroe and Marquette counted certain ballots for *Howard Teasdale,* many of which were not indorsed by either ballot clerk, and many others of which were indorsed only by one; that there were also counted certain other ballots voted by mail, which ballots were void for the reason that no application accompanied said ballots, and that the applications for said ballots were not delivered into the hands of the inspectors of said election precincts, so as to comply with sec. 11.62, Stats. The petition also sets forth other irregularities in the canvassing of the ballots at said primary election in said senatorial district, resulting in an advantage to said *Howard Teasdale* and in a disadvantage to the petitioner.

The petition upon which the order to show cause was granted prayed for a peremptory writ of *mandamus* commanding the circuit judge of the Eighteenth judicial circuit, which circuit includes Marquette county, and also the circuit judge of the Sixth judicial circuit, which circuit includes Monroe county, directing and commanding said judges to inquire into the facts of the primary election in such respective counties, and to determine who is in fact entitled to the certificate of nomination to the office of state senator of the Thirty-first senatorial district, and compel the respective county clerks of Monroe and Marquette counties to certify to the secretary of state of the state of Wiscon-

sin, in pursuance of such determination by such circuit judge, the true and lawful number of ballots cast in such counties, respectively, for said *Howard Teasdale* and *Clinton G. Price.*

Upon the oral argument upon the return to show cause it was practically conceded that this was not the proper procedure even though the court should conclude to take jurisdiction of the question. This explanation is thus made so that the record will not be regarded as a precedent for such procedure in such matters. However, if the court had concluded to take jurisdiction, it would have been at liberty to issue the proper writ to do justice in the case. What that writ is, will not be determined or discussed.

The reasons prompting the court to decline to take jurisdiction are quite fully stated in *Petition of Anderson,* 164 Wis. 1, 159 N. W. 559. The issuance of the writ would have necessitated a judicial examination of the election returns in two counties located in different judicial circuits. To some extent, at least, these inquiries would of necessity have to be accommodated to the state of the business, and the time, of the circuit judges in such respective districts. Just how expeditiously these investigations or hearings could have been disposed of, was a matter of some speculation. The order to show cause was heard before this court only three weeks before election. As said in the *Anderson Case:*

"It is quite manifest that there would be no certainty that any result could be reached before the time when action must be taken by the secretary of state; in fact there is an extreme probability that no result could be reached, even if the case were given the most rapid expedition consistent with due consideration of the questions at issue."

More than this, the statute (sec. 5.29) governing primary elections provides that "The provisions of section 6.66 shall apply to primaries except that the notices to candidates shall

be served on opposing candidates for the same party nom-
ination, only." Sec. 6.66 provides a method by which a
candidate may secure a recanvass of the ballots by the county
board of canvassers. The petitioner obtained a recanvass
by the county board of canvassers in each of the counties
of Monroe and Marquette. It then provides that any candi-
date aggrieved by the determination of said board upon such
recanvass may appeal therefrom to the circuit court of said
county within five days after the determination by said
board in the manner provided in said section. The petitioner
attempted to take such an appeal in Monroe county on the
afternoon of the last day within which such an appeal is
required to be taken, but failed for the reason that *Teasdale*
could not be found and the notice of appeal could not be
served upon him. It appears that this was in the afternoon
of the day immediately preceding the platform convention
of the Republican party, and that *Mr. Teasdale* had left
Sparta, his place of residence, for Madison, for the purpose
of attending said convention. No attempt to take an appeal
in Marquette county was made. While this statutory pro-
vision for a judicial review of the determination of the
county board of canvassers made in primary election mat-
ters does not oust this court of its constitutional original
jurisdiction, and whether or not the legislature intended this
remedy to be exclusive, we are persuaded that the legislature
considered such an appeal the only available judicial remedy
which could be afforded candidates or others aggrieved by
the findings of said board, for the reason that the time inter-
vening between the primary election and the election is
limited, and the time intervening between such determina-
tion and the time when the secretary of state is required to
certify the names of candidates to the respective county
clerks of the state, as well as the time within which the
county clerks must arrange for the printing of the ballots,
is still further limited. There are only approximately sixty

days intervening between the primary election and the day of election, and this time is severely limited by the time required for the recanvass and the time required for the printing of the ballots.

It will thus be seen that any judicial remedy available to candidates aggrieved by the determination of the canvassing boards must be both summary and expeditious, and anything like a judicial consideration of such situations by this court under its original jurisdiction will be attempted always with great reluctance and under the most urgent necessity. We are further of the view that the petitioner himself was guilty of laches. Although he had five days after the determination of the respective county boards of canvassers to perfect his appeal to the circuit court, he made no such attempt in either county until the afternoon of the last day, and in one county he made no attempt at all. His failure to obtain the judicial review provided for by statute may therefore be attributed to his own neglect, and does not constitute an incident which appeals strongly to the favorable consideration of his petition invoking the original jurisdiction of this court. Such, in brief, are the reasons prompting the declination of this court to take jurisdiction of the matter.